NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3266


ELOISE K. HAHN,

Petitioner,

v.

ENVIRONMENTAL PROTECTION AGENCY,

Respondent.


Eloise K. Hahn, of Berwyn, Illinois, pro se.

Joseph A. Pixley, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3266

ELOISE K. HAHN,

Petitioner,

v.

ENVIRONMENTAL PROTECTION AGENCY,

Respondent.

Petition for review of the Merit Systems Protection Board in CH0752080671-C-1.

_____

DECIDED: January 8, 2010

_____

Before LOURIE, SCHALL, and BRYSON, Circuit Judges.

PER CURIAM.

## DECISION

Eloise K. Hahn petitions for review of the final decision of the Merit Systems Protection Board ("Board") that denied her petition for enforcement. Hahn v. Environmental Protection Agency, No. CH-0752-08-0671-C-1 (M.S.P.B. July 21, 2009) ("Final Decision"). We affirm.

## DISCUSSION

### I.

After Ms. Hahn was removed from her position with the Environmental Protection Agency ("agency"), she appealed to the Board. In due course, the agency and Ms.

Hahn, who was represented by counsel, entered into a written agreement to resolve the appeal. The settlement agreement provided that Ms. Hahn would be permitted to resign in lieu of being removed. In addition, Ms. Hahn agreed to dismiss her appeal with prejudice. At the same time, the agency agreed to pay Ms. Hahn $18,000 within 60 days of receiving her notice of dismissal of her appeal. The agreement further provided that a new SF-50 would be issued that would not make mention of the reasons for the removal action. The Board retained jurisdiction for the limited purpose of enforcing the agreement.

On April 7, 2009, Ms. Hahn filed a petition for enforcement of the settlement agreement. In her petition, Ms. Hahn claimed that the agency had failed to pay her $18,000, as required under the agreement. At a status conference on May 5, 2009, however, the parties stipulated that Ms. Hahn had received $18,000 from the agency and that the agency had fully complied with the agreement. Accordingly, the administrative judge ("AJ") to whom the enforcement matter was assigned found the agency in compliance with the settlement agreement and denied the petition for enforcement. Hahn v. Environmental Protection Agency, No. CH-0752-08-0671-C-1 (M.S.P.B. May 18, 2009) ("Initial Decision"). The Initial Decision became the final decision of the Board on July 21, 2009, after the Board denied Ms. Hahn's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). Final Decision. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

On appeal, Ms. Hahn does not challenge the Board's findings that the agency paid her $18,000, as required by the settlement agreement, and that the agency was in compliance with the agreement. Those findings thus stand. Rather, she raises two additional issues. First, she seeks to make a lump sum payment back to the Federal Employees Retirement System ("FERS") to restore her accrued service. In that regard, she states that the Board "was notified of the Office of Personnel Management's denial of Petitioner's claim to pay back FERS retirement fund to resecure [sic] her service on May 5, 2009." Second, she seeks to have her SF-50 discharge papers revised (i) to reflect that the agency separated her pursuant to a reduction in force and (ii) to include Career Transition Program ("CTAP") rights.

Neither of these contentions helps Ms. Hahn. Starting with the FERS issue, it appears that Ms. Hahn first raised this matter during the May 5, 2009 status conference before the AJ. The AJ noted in her summary of the status conference that the Office of Personnel Management ("OPM") had issued an initial decision on the FERS issue, and she explained to Ms. Hahn that "the Board generally lacks jurisdiction over a retirement concern until after OPM has issued a reconsideration or final decision adjudicating the

matter." The AJ further stated that she "encouraged [Ms. Hahn] to file a Board appeal if she receiv[ed] a reconsideration decision she believ[ed] to be erroneous." SUMMARY OF STATUS CONFERENCE at 1. The AJ's statement that the Board lacked jurisdiction until OPM issued a reconsideration decision was correct. See 5 C.F.R. § 841.308 ("an individual whose rights or interests under FERS are affected by a final decision of OPM may request MSPB to review the decision."); Sanders v. Office of Pers. Mgmt., 93 M.S.P.R. 684, 687 (2003) ("the Board has no jurisdiction over a retirement matter until after OPM has issued a final or reconsideration decision adjudicating that matter"); Gillian v. Office of Pers. Mgmt., 91 M.S.P.R. 352, 361 (2002). To what the AJ said, we will simply add that if Ms. Hahn receives an unfavorable decision from the Board on her appeal of an OPM reconsideration decision on her FERS claim, she will be free to petition this court for review.

Turning to the SF-50 issue, in its final decision, the Board noted that Ms. Hahn had not raised this matter in her petition for enforcement and that the AJ had not addressed it in the Initial Decision. Declining to address the issue, the Board stated: "If the appellant raises this argument in her petition for review because she believes the agency has failed to comply with the settlement agreement, she may file a new petition for enforcement with the Central Region." Final Decision at 2. The Board did not err in not considering this issue. See Carson v. Department of Energy, 398 F.3d 1369, 1376 (Fed. Cir. 2005). Moreover, because Ms. Hahn raised this issue for the first time in her petition for review to the Board, this court will not consider it either. See Bosley v. Merit Systems Protection Board, 162 F.3d 665, 668 (Fed. Cir. 1998). In any event, as noted, the Board informed Ms. Hahn that if she believed that the SF-50 issue involved an

instance of the agency's failure to comply with the settlement agreement, she could lodge a petition for enforcement with the Board. Thereafter, if she chose to do so, she could petition for review of any unfavorable Board decision.

In sum, on appeal, Ms. Hahn has not challenged the final decision of the Board on the one matter that she raised in her petition for enforcement. Rather, she has sought to bring before us matters that the Board properly declined to consider and that we will not consider. As has been explained, however, Ms. Hahn has the option of pursuing these matters if she chooses to do so. The final decision of the Board is affirmed.