NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ELOISE K. HAHN,**
*Petitioner,*

**v.**

**ENVIRONMENTAL PROTECTION AGENCY,**
*Respondent.*

---

2011-3133

---

Petition for review of the Merit Systems Protection Board in CH0752080671-C-2.

---

Decided: October 13, 2011

---

ELOISE K. HAHN, of Chesterton, Indiana, pro se.

JOSEPH A. PIXLEY, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and HAROLD D. LESTER, JR., Assistant Director.

---

Before LOURIE, BRYSON, and REYNA, *Circuit Judges*.

PER CURIAM.

## DECISION

Eloise K. Hahn appeals from a decision of the Merit Systems Protection Board denying her petition for enforcement of a settlement agreement with the Environmental Protection Agency ("EPA"). We affirm.

## BACKGROUND

Ms. Hahn worked as an environmental engineer with the EPA until she was removed from her position in 2008. She appealed her termination to the Board. The Board dismissed her appeal after Ms. Hahn and the EPA entered into a settlement agreement in December 2008. Under the agreement, the EPA agreed to pay Ms. Hahn $18,000, to provide a neutral reference upon request, and to issue an SF-50 that made no mention of the reasons for her removal. In February 2009, Ms. Hahn and the EPA executed an addendum to the settlement agreement in which Ms. Hahn agreed to submit a retroactive letter of resignation and the EPA agreed to update her SF-50 to reflect her resignation.

In April 2009, Ms. Hahn filed with the Board a petition for enforcement of the settlement agreement. She alleged that the EPA had not paid her the $18,000 to which she was entitled under the agreement. The Board's administrative judge noted that in a status conference the parties had stipulated that Ms. Hahn had received the $18,000. Based on that finding, the administrative judge denied the petition for enforcement. Ms. Hahn then petitioned for review by the full Board. In her petition, Ms. Hahn argued, among other things, that the EPA had

breached the settlement agreement when it failed to indicate on her SF-50 that her separation from the agency was the result of a reduction in force and that she was therefore eligible for career transition services. Because Ms. Hahn had not included that contention in her petition for enforcement, but instead had raised it only in her petition for review of the administrative judge's initial determination, the Board ruled that the issue was not properly raised and declined to consider it. The Board explained that Ms. Hahn could raise that issue in a new petition for enforcement if she chose to do so.

In the course of the enforcement proceeding, Ms. Hahn also raised issues relating to her eligibility for retirement benefits. Ms. Hahn withdrew her contributions to her Federal Employees Retirement System ("FERS") account in 1986, when she left a job with the U.S. Army, and again in 2008, when she left her position with the EPA. After she had withdrawn those contributions, Ms. Hahn requested an annuity from the Office of Personnel Management ("OPM"). OPM denied that request because Ms. Hahn had withdrawn her FERS contributions and therefore was not entitled to FERS annuity benefits. *See* 5 U.S.C. § 8424(a) ("Except as provided in section 8420a, payment of the lump-sum credit to an employee or Member voids all annuity rights under this subchapter . . . ."). OPM also denied Ms. Hahn's request to make a lump-sum payment and thus restore her retirement credits. The administrative judge in the enforcement proceeding noted that OPM's decision as to that issue was not final and that the Board therefore lacked jurisdiction to consider that claim. The administrative judge added that Ms. Hahn could file an appeal with respect to the FERS issue if and when OPM issued a final decision adverse to her.

Ms. Hahn appealed to this court from the Board's decision in the enforcement action. In an opinion issued in January 2010, we affirmed the Board's ruling. *Hahn v. Envtl. Prot. Agency*, 360 F. App'x 157 (2010). Ms. Hahn raised two issues in the appeal: (1) that she should be allowed to make a lump sum payment to the FERS retirement system to restore her retirement annuity rights, and (2) that her form SF-50 should be revised to reflect that she had been separated as a result of a reduction in force and therefore was eligible for career transition services. We upheld the administrative judge's determination that the FERS issue was not ripe because OPM had not issued a final decision on her request, and we upheld the Board's decision not to address Ms. Hahn's complaint about the contents of her form SF-50 because she had not raised that issue before the administrative judge.

In July 2010, OPM issued a final decision denying Ms. Hahn's request for FERS annuity benefits. OPM explained that she was not entitled to benefits because she had withdrawn her retirement contributions after leaving each of her two federal service positions.

Ms. Hahn filed a second petition for enforcement of the settlement agreement in August of 2010, naming both the EPA and OPM as respondents. The Board divided the petition for enforcement against the EPA and the petition for review of OPM's decision into two separate proceedings. In September 2010, OPM rescinded its final decision with respect to Ms. Hahn's FERS annuity request and stated that it would issue a new decision addressing that request. In light of OPM's rescission of its decision letter, the administrative judge who was assigned to the OPM case dismissed that appeal, with the proviso that

Ms. Hahn could file a new appeal if OPM issued a new decision adverse to her.

In the enforcement proceeding, Ms. Hahn renewed her allegation that the agency had breached the settlement agreement by not indicating on her form SF-50 that her separation was the result of a reduction in force and by not taking steps to enable her to obtain disability retirement benefits. In the alternative, Ms. Hahn argued that the December 2008 settlement agreement was invalid.

Before the administrative judge acted on the petition for enforcement, Ms. Hahn requested that the administrative judge dismiss the petition with leave to reinstate it after OPM ruled on her annuity request. The administrative judge explained that there was no reason to grant that relief, because Ms. Hahn would be free to file a new appeal from a final decision of OPM if that decision were adverse to her.

On the merits, the administrative judge denied the petition for enforcement. With respect to the form SF-50 issue, the administrative judge found that the settlement agreement required only that the revised form SF-50 make no mention of the reason for Ms. Hahn's termination and did not require that the form SF-50 refer to her removal as part of a reduction in force. With respect to Ms. Hahn's annuity claim, the administrative judge noted that the settlement agreement contained no reference to annuity rights and added that OPM was still reviewing the issue of Ms. Hahn's entitlement to FERS benefits. Accordingly, the administrative judge concluded that Ms. Hahn had not met her burden of proving that the EPA breached the December 2008 settlement agreement. The administrative judge further noted that the February

2009 addendum to the settlement agreement on which Ms. Hahn was relying had not been placed in the Board record and did not provide for Board enforcement. Even assuming the Board had enforcement authority over that agreement, however, the administrative judge found that Ms. Hahn had not shown that the EPA had breached the agreement, which simply provided that the agency would cancel the form SF-50 reflecting her removal and replace it with a new form SF-50 stating that she had resigned from her position.

With respect to Ms. Hahn's argument that the settlement agreement was invalid, the administrative judge noted that she had advised Ms. Hahn that an appellant who dismisses a Board appeal based on a settlement agreement but then seeks to have the settlement agreement set aside on grounds of fraud, coercion, or mutual mistake is entitled to file a petition for review of the initial decision dismissing the appeal, requesting that the agreement be invalidated.

Ms. Hahn petitioned for review by the full Board. In her request for relief, she asked that the Board "put aside" her petition for enforcement pending a final decision from OPM on her request for annuity benefits and a final decision in the separate appeal from OPM's earlier ruling on her annuity claim. The Board denied the petition for review, explaining that "an administrative judge has wide discretion to control the proceedings before her, and dismissal without prejudice to re-filing is a procedural option committed to her sound discretion." Because Ms. Hahn failed to show any prejudice from the administrative judge's refusal to dismiss the petition without prejudice pending the decision on her FERS claims, the Board held her argument to be without merit.

DISCUSSION

On appeal to this court, Ms. Hahn argues that the Board abused its discretion by not dismissing her enforcement petition without prejudice or otherwise delaying a decision in that proceeding until after OPM reached a final decision on her FERS claims. She also alleges that the settlement agreement is invalid because it was the result of mutual mistake or, in the alternative, because the agency failed to comply with its terms.

As to the first issue, it was within the administrative judge's discretion to deny Ms. Hahn's request to delay adjudication of the enforcement petition. Ms. Hahn's appeal in the enforcement case, which is before us, relates to the EPA's compliance with the settlement agreement and the enforceability of that agreement. The appeal from OPM's decision on the status of Ms. Hahn's retirement rights and her right to restore her FERS contributions, which is not before us, was dismissed when OPM rescinded its final decision with respect to her claims on those issues. In this case, the administrative judge decided to rule on Ms. Hahn's claims against the EPA rather than awaiting a decision by OPM, and there is no reason to overturn that decision. *See Gingery v. Dep't of the Treasury*, 111 M.S.P.R. 134, 138 (2009) ("An [administrative judge] has wide discretion to control the proceedings before her and the dismissal without prejudice to refiling is a procedural option committed to her sound discretion."); *Gidwani v. Dep't of Veterans Affairs*, 74 M.S.P.R. 509, 511 (1997) ("It is well settled that dismissal of an appeal without prejudice is a procedural option that is committed to the sound discretion of the administrative judge."). While a favorable decision from OPM might have the effect of granting most of the relief Ms. Hahn is seeking regarding her FERS annuity rights, the merits of

her petition for enforcement do not turn on whether OPM decides in her favor as to her FERS claims.

As to the second issue, the record does not support Ms. Hahn's contention that the settlement agreement is unenforceable for the reasons she states. A settlement agreement, like any contract, may be invalid if it is predicated on fraud or a mutual mistake of fact. *Asberry v. U.S. Postal Serv.*, 692 F.2d 1378, 1380 (Fed. Cir. 1982). Ms. Hahn contends that she would not have entered into the settlement agreement had she understood that doing so might later affect her eligibility for annuity benefits. The government responds that Ms. Hahn could have asserted the invalidity of the settlement agreement on grounds of mistake (or any other ground) as part of her April 2009 enforcement petition. Because she had a full and fair opportunity to raise the invalidity issue at that time, the government argues, her present challenge to the enforceability of the agreement is barred by principles of res judicata.

While it may be that Ms. Hahn's challenge to the settlement agreement on grounds of mutual mistake could have been raised as part of her first enforcement case, we do not rest our decision on res judicata; instead, we uphold the Board's decision on the merits. Ms. Hahn has offered no evidence that the EPA affirmatively misled Ms. Hahn regarding the consequences of withdrawing her FERS contributions or entering a settlement agreement with the agency. Neither the settlement agreement nor the February 2009 addendum to the agreement discusses FERS benefits in general or the effect of Ms. Hahn's withdrawal of her retirement contributions in particular. The fact that Ms. Hahn may have been unaware that withdrawing her retirement contributions might preclude her from later restoring those contributions or otherwise

being entitled to annuity benefits does not void the settlement agreement.

Ms. Hahn suggests that the addendum to the settlement agreement led her to believe that she could refund her FERS contributions and remain eligible for retirement benefits. The addendum, however, makes no reference to her eligibility for retirement benefits, and the only reference to annuity rights in any document contemporaneous with that addendum is in a form SF-50 that is dated February 2009. That document recites that she resigned from her position and states in the "Remarks" section, "You appear to be eligible for early deferred retirement benefits at age 56. If you have questions, contact your agency retirement counselor." Even if that form SF-50 were treated as being incorporated into the 2009 addendum to the settlement agreement, the quoted statement in the form SF-50 cannot reasonably be construed as a promise that Ms. Hahn would be entitled to retirement benefits even after withdrawing her FERS contributions or that she would be permitted to repay those withdrawn contributions. We therefore reject Ms. Hahn's argument that the administrative judge erred by not invalidating the settlement agreement based on the record in the enforcement proceeding.

Finally, Ms. Hahn suggests that if the settlement agreement is valid, the EPA breached it. As the Board recognized, however, the EPA never promised Ms. Hahn that she could repay her FERS contributions or that she would receive retirement benefits without regard to whether she was legally entitled to them. The EPA has therefore not breached its agreement with Ms. Hahn in that regard.

In her brief, Ms. Hahn raises several other procedural issues as to which she contends the Board erred. We have examined each of the claimed errors and conclude that they are either entirely lacking in merit or are not of sufficient moment to call for a different outcome in the case.

## AFFIRMED

No costs.